UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WAI YIP INTERNATIONAL CORP.,      :
                                  :
        Plaintiff,                :
                                  :
    v.                            :    Civil Action No. 06-3674(KSH)
                                  :
JAAM, LLC,                        :
                                  :    REPORT & RECOMMENDATION
        Defendant                 :

This matter having come before the Court by way of a conference on October 12, 2006 and Orders dated October 3, 2006 and October 12, 2006;

and the Order dated October 3, 2006 advising that "the parties shall be prepared to address [at the October 12, 2006 Rule 16 conference] whether or not the case, which appears to lack either federal question or diversity jurisdiction, was properly removed,"[1] Order, dated October 3, 2006;

---

[1] The Court noted in the Order dated October 12, 2006 that:

>   There is no diversity of citizenship between the parties and the amount in controversy does not meet the jurisdictional amount. In addition, the Complaint lacks a federal question. While there is a representation that the issue of patent and copyright law was discussed with the state court, and the state court apparently noted that it believed it lacked jurisdiction to resolve patent disputes, see Declaration of Michael S. Wernick, dated September 28, 2006, at ¶ 8-9, this does not change the fact that the Complaint, which is the operative document, does not present a basis to exercise subject matter jurisdiction.
>
>   Moreover, the case apparently was removed by the plaintiff. The removal statute, however, contemplates that removal may only be sought by a defendant who does not reside in the state in which the case was filed. Thus, the parties shall be prepared to provide legal authority that shows that the case was properly removed.
>
>   The parties are advised that if they are unable to show that

and the parties having been further advised that "if they are unable to show that the case was properly removed and that there is a federal question, then the undersigned shall recommend to the United States District Judge that Her Honor dismiss the case for lack of jurisdiction," id. at n.4.;

and the plaintiff having failed to produce legal authority at the October 12, 2006 conference to support its removal of this case from state court, see Order, dated October 12, 2006;

and the plaintiff's counsel having explained that "he only read the docket entry and did not read the full order and hence did not know that he was required to present such legal authority at the conference," id.;

and the Court therefore having set October 16, 2006 as the deadline for the plaintiff to "submit legal authority showing that this case was properly removed by the plaintiff and that the Court can allow a party to amend a complaint over which the court lacks subject matter jurisdiction," id.;

and the Court having again advised the parties that "failure to present such legal authority will result in a recommendation to the United States District Judge that Her Honor remand and/or dismiss the Complaint," id.;

and the Court having considered the plaintiff's submission filed on October 16, 2006, see Letter of Feng Li, Esq., dated October 16, 2006, and the defendant's opposition filed on October 17, 2006, see Letter of Michael S. Wernick, Esq., dated October 17, 2006;

---

>   the case was properly removed and that there is federal question,
>   then the Undersigned shall recommend to the United States District
>   Judge that Her Honor dismiss the case for lack of jurisdiction.

Id. at n.4.

and the plaintiff having removed this case from state court based on federal question jurisdiction, see Notice of Removal, filed August 7, 2006;

and the Court having the authority to raise issues regarding subject matter jurisdiction sua sponte, B&P Holdings I, LLC v. Grand Sasso, Inc., 114 Fed. Appx. 461, 465 (3d Cir. 2004)(citing Kontrick v. Ryan, 540 U.S. 443 (2004));

and the burden of establishing removal jurisdiction resting with the removing party, Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990);

and the removal statutes being "strictly construed against removal and all doubts should be resolved in favor of remand," Id. at 111 (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987);

and 28 U.S.C. §1441, which governs removal jurisdiction, stating, in relevant part:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending

28 U.S.C. § 1441(a)(emphasis added);

and a plaintiff therefore being unable to remove a civil action to federal court, Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-05 (1941)), and thus its removal of the action was improper;

and 28 U.S.C. § 1441(b), providing in relevant part:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

and assuming the proper party removed complaint, where the parties are not diverse, as is the case here, removal being appropriate only if the case falls within the district court's original "federal question" jurisdiction, namely one "arising under the Constitution, laws, or treaties of the United States," U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2001) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983)); see also 28 U.S.C. §§ 1331, 1441(b);

and "[t]he presence or absence of federal-question jurisdiction [being] governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)(emphasis added); see also Krashna v. Oliver Realty, Inc., 895 F.2d 111, 113 (3d Cir. 1990);

and the Complaint attached to the plaintiff's Notice of Removal not setting forth any claims arising under federal law, see Complaint (undated), attached to Notice of Removal, filed August 7, 2006, and hence was not removable;

and the plaintiff having argued that leave should be granted to allow it to amend its Complaint to assert federal claims,[2] see Letter of Feng Li, Esq., dated October 16, 2006;

and Rule 15 of the Federal Rules of Civil Procedure stating:

---

[2]On October 16, 2006, the plaintiff filed an amended Complaint without leave of Court. By way of Order dated October 17, 2006, the Court struck the amended Complaint filed on October 16, 2006.

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

and 28 U.S.C. § 1653 stating that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts;"

and the United States Supreme Court having stated that Section 1653 applies only to "amending '*allegations* of jurisdiction', which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves," Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989)(emphasis in original);

and Newman-Green, therefore having "rejected an interpretation of section 1653 that 'would empower federal courts to amend a complaint so as to produce [subject matter] jurisdiction where none actually existed before," Falise v. The Am' Tobacco Co., 241 B.R. 63, 65 (E.D.N.Y 1999);

and courts refusing to allow amendment of a jurisdictionally defective complaint to assert a new cause of action to create a basis for federal question jurisdiction, see, e.g., Boelens v. Redman Homes, Inc., 759 F.2d 504, 511-12 (5th Cir. 1985); Broad v. DKP Corp., No. 97 Civ. 2029, 1998 WL 516113, *5-7 (S.D.N.Y. August 19, 1998); Asset Value Fund, Ltd. P'ship v. The Care Group, Inc., 179 F.R.D. 117, 119 (S.D.N.Y. 1998); cf. Field v. Volkswagenwerk AG, 626 F.2d 293, 304-06 (3d Cir. 1980)(stating a federal court may not allow an amendment to cure

5

defective jurisdiction);[3]

and "[w]here leave of court is required [to amend under Rule 15(a)], the rule that a court must examine the existence of subject matter jurisdiction as of the time of the filing of the original complaint is applicable because the court is asked to exercise discretion to grant or deny leave to amend, the exercise of which necessarily implicates whether the court has such authority, which would be lacking absent subject matter jurisdiction," Am. Charities for Reasonable Fundraising Regulation, Inc. v. Shiffrin, 46 F. Supp. 2d 143, 154 (D. Conn. 1999);

and therefore the jurisdictional defect in a complaint between these non-diverse parties cannot be cured by allowing the plaintiff to amend the Complaint;

and the Court therefore lacking both removal and subject matter jurisdiction;

and for all of these reasons;

IT IS ON THIS 18th day of October, 2006

RECOMMENDED that the United States District Judge remand this case to the Superior Court of New Jersey, Passaic County and/or dismiss the Complaint.  The parties have ten (10) days from receipt of this Recommendation to file and serve objections.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent the plaintiff relies on In Re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922 (8th Cir. 2005), the Court finds that case inapposite.  There, the defendants successfully removed the case to federal court based on federal preemption, namely, because the factual allegations in the complaint stated a claim under a federal statute that preempted the state law claims.  The plaintiffs then amended their complaint. Id. at 928.  In contrast, the plaintiff here has improperly removed the case to federal court and now seeks to amend the Complaint to assert new facts not otherwise set forth in its complaint and federal claims to create subject matter jurisdiction.